UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRY SMITH,

                        Plaintiff,

v.                                                                                                              9:04-CV-0542
                                                                                                                (LEK/GHL)
GLENN S. GOORD, JR., Commissioner,
Department of Correctional Services;
MR. ACCIAVATTI, Education Director.

                        Defendants.
_____

APPEARANCES:                                                                          OF COUNSEL:

JERRY SMITH, 03-A-0884
  Plaintiff, *Pro Se*
Mohawk Correctional Facility, Walsh Medical Unit
6100 School Road
P.O. Box 8451
Rome, NY 13442-8451

HON. ELIOT L. SPITZER                                                          BRUCE J. BOIVIN, ESQ.
Attorney General for the State of New York                      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224-0341

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to the undersigned for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b).  Plaintiff Jerry Smith ("Plaintiff"), most recently an inmate at Mohawk Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Defendants Goord and Acciavatti, the Commissioner of DOCS and a Hearing Officer at Green

Correctional Facility respectively ("Defendants"), violated his Fourteenth Amendment Due Process rights. (Dkt. No. 1.) Currently pending is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 19.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that Defendants' motion be granted.

I. BACKGROUND

Plaintiff's complaint contains, in pertinent part, the following allegations. On or about March 26, 2003, he received a misbehavior report charging him with sexually assaulting another inmate. (Dkt. No. 1 at 5.) At the Tier III disciplinary hearing, two correctional officers testified that Plaintiff was in bed at the time of the alleged assaults. (*Id*. at 4.) No physical evidence (other than a bruise) was submitted in support of the misbehavior report. (*Id*. at 5.) In fact, Plaintiff's medical records indicated that, at the time of the alleged assaults, he could "barely walk much less assault anybody," because he was suffering from HIV. (*Id*.) Plaintiff requested a DNA test to prove his innocence, which request was denied by the hearing officer, Defendant Acciavatti. (*Id*. at 4.) Defendant Acciavatti indicated to Plaintiff that his "mind was made up," and he found Plaintiff guilty. (*Id*.) He sentenced Plaintiff to four years confinement in the Special Housing Unit (SHU), which sentence was subsequently reduced to three years. (*Id*. at 2.) Plaintiff filed a state court Article 78 proceeding, which was dismissed because Plaintiff could not comply with the statute of limitations requirements due to his HIV condition. (*Id*. at 2-3.) As forms of relief in the action in this Court, Plaintiff requested (1) expungement of the determination of guilt, (2) compensation of $350 for each day spent in S.H.U. as a result of the determination, and (3) a restoration of the good-time credits lost as a result of the determination. (Dkt. No. 1 at 6.)

On September 15, 2004, Defendants moved to dismiss the complaint with prejudice on three grounds: (1) that Plaintiff has failed to allege personal involvement on the part of Defendant Goord; (2) that Plaintiff is barred from bringing this Section 1983 action to challenge the disciplinary hearing determination under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because the determination imposed a penalty that included a loss of 24 months good-time credits, and that determination has not been reversed; and (3) that, even if *Heck v. Humphrey* did not bar this action, it is barred because of Plaintiff's failure to bring a timely state court challenge to the disciplinary hearing (i.e., the Article 78 proceeding). (Dkt. No. 19, Part 4 [Mem. of Law].)

The Court granted Plaintiff six extensions of the deadline by which to respond to Defendants' motion: on September 28, 2004; November 5, 2004; December 22, 2004; January 11, 2005; February 4, 2005; and February 25, 2005. (Dkt. Nos. 20, 22, 25, 26, 27, and 28.) In several Orders, the Court advised Plaintiff that, if he did not respond, Defendants' motion would be decided without his response. (Dkt. Nos. 25, 27, 28.) In addition, the Court specifically advised Plaintiff that his failure to so respond may effectively result in dismissal of his complaint. (Dkt. No. 25.) Still, Plaintiff did not respond to Defendants' motion to dismiss. Instead, the Court's last correspondence to Plaintiff was returned as undeliverable and bore the notation "released." (Dkt. No. 30.)

II.     **DISCUSSION**

    A.     **Effect of Plaintiff's Failure to Respond to Motion**

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-

3

moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendants' motion to dismiss is properly filed, Plaintiff has failed to oppose it (despite being warned of the possible consequences of that failure), and Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not be deemed as consent to the granting of the motion. Nevertheless, pursuant to Local Rule 7.1(b)(3), I must determine whether Defendants have met their burden to demonstrate entitlement to dismissal under Federal Rule 12(b)(6).

### B. Review of Merits of Defendants' Motion

#### 1. Law Generally

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To prevail on such a motion, the defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted).[1] A defendant may base this motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2);[2] or (2) a challenge to the legal cognizability of the claim.[3]

---

[1] *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (internal quotations and citation omitted).

[2] *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted); *Princeton Indus., Inc. v.*

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2) does not require a pleading to state the elements of a prima facie case,[4] it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47).[5] The purpose of this rule is

---

*Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[3] *See Swierkiewicz* 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2005 U.S. Dist. LEXIS 6686 (S.D.N.Y. Apr. 20, 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") (citation omitted); *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord, Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[4] *See Swierkiewicz*, 534 U.S. at 511-512, 515.

[5] *See also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163,

to "facilitate a proper decision on the merits." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley*, 355 U.S. at 48). A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion).[6]

The Supreme Court has characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has rejected judicially established pleading requirements that exceed this liberal requirement. *See Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake."). However, even this liberal notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003); *see*, *e.g.*, *Dura*

---

168 (1993) (quoting *Conley*, 355 U.S. at 47).

[6] Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See*, *e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]); *U.S. v. Casado*, 303 F.3d 440, 449 n.5 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *U.S. v. Terry*, 927 F.2d 593 [2d Cir. 1991]); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 114 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *Zitz v. Pereira*, 225 F.3d 646 [2d Cir. 2000]); *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 57 (2d Cir. 2001) (citing, for similar purpose, unpublished table opinion of *Herman Miller, Inc. v. Worth Capitol*, 173 F.3d 844 [2d Cir. 1999]); *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *St. Charles Cable TV, Inc. v. Eagle Comtronics, Inc.*, 895 F.2d 1410 [2d Cir. 1989]); *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 586 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *Planned Parenthood Fed'n of Am. v. Bucci*, 152 F.3d 920 [2d Cir. 1998]).

*Pharm.*, 125 S. Ct. at 1634-1635 (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).[7]

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) (citation omitted). "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Hernandez*, 18 F.3d at 136 (citation omitted).[8] Indeed, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were

---

[7] Several other decisions exist from the Second Circuit affirming the Rule 12(b)(6) dismissal of a complaint after *Swierkiewicz*. *See*, *e.g.*, *Cyril v. Neighborhood Partnership II Housing Development Fund, Inc.*, No. 03-7518, 2005 WL 181659, *2 (2d Cir. Jan. 25, 2005) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying Rule 12[b][6]); *Johnson v. U.S.*, No. 03-6054, 2003 WL 22849896, *1 (2d Cir. Dec. 2, 2003) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying, *inter alia*, Rule 12[b][6]); *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, I cite them because they clearly acknowledge the continued precedential effect, after *Swierkiewicz*, of cases from within the Second Circuit interpreting Rule 12(b)(6) or Rule 8(a)(2). *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[8] *See also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (affirming dismissal under Rule 12[b][6]) (internal quotations and citation omitted).

insufficient) (internal quotation and citation omitted).  In addition, when addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile because the problem with plaintiff's cause of action was substantive) (internal quotation and citation omitted).

> 2. **Application of Law**

Upon thorough review of Defendants' motion papers and Plaintiff's liberally construed complaint, I have determined that Defendants are entitled to dismissal of Plaintiff's complaint for the reasons stated in Defendants' memorandum of law (Dkt. No. 19).  *See Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (recommending dismissal because of plaintiff's failure to respond to motion to dismiss and the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, D.J.); *accord*, *Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, D.J.).

Specifically, even accepting the material facts alleged in Plaintiff's complaint as true and construing all reasonable inferences in Plaintiff's favor, I agree that Plaintiff has failed to state a claim against Defendant Goord.  (Dkt. No. 19 at 3-4.)  Not only does Plaintiff's complaint (even liberally construed) fail to give Defendant Goord fair notice of what Plaintiff's claim is against him and the grounds upon which it rests, but it fails to state a legally cognizable claim against Defendant Goord.  Indeed, I can imagine no set of facts, consistent with the allegations of

Plaintiff's complaint, that would entitle Plaintiff to relief against Defendant Goord.

Moreover, I agree that Plaintiff is barred from bringing this Section 1983 action to challenge the disciplinary hearing determination under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994),[9] because the determination imposed a penalty that included a loss of 24 months good-time credits, and that determination has not been reversed. (Dkt. No. 19 at 4-7.) In reaching this conclusion, I properly rely on the documents submitted by Defendants, which were referenced and/or relied on by Plaintiff's complaint. (*Compare* Dkt. No. 19, Part 3 [Exhibits A-D to Defendants' Motion] *with* Dkt. No. 1 [Complaint] at 2-6.) I would add only that Defendants' argument is strengthened by the fact that each of Plaintiff's three forms of requested relief focused on his disciplinary conviction and sentence. (Dkt. No. 1 at 6 [seeking, for example, the restoration of "time cut" with respect to his sentence in S.H.U.].)

Finally, I agree in part, and disagree in part, with Defendants' third argument--that, even if *Heck v. Humphrey* did not bar this action, this action nevertheless is barred because of Plaintiff's failure to bring a timely state court challenge to the disciplinary hearing (i.e., the Article 78 proceeding). (Dkt. No. 19 at 7-8.) I am not sure that the cases cited by Defendants are sufficiently on point since they are not prisoner cases and thus do not involve an alternative remedial procedure such as the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (*Id.* [citing *Campo v. N.Y. City Employees' Retiurement System* and *Giglio v. Dunn*].) It appears to me that, generally, in Section 1983 actions, prisoners are not required to file collateral proceedings in state court such as Article 78 proceedings. *See Giano v. Goord*, 380 F.3d 670, 679-80 & n.10 (2d Cir.

---

[9] *See also Edwards v. Balisok*, 520 U.S. 641, 644 (1997); *Muhammad v. Close*, 540 U.S. 749, 750 (2004). (Dkt. No. 19, Part 4 [Mem. of Law] at 5-7.)

2004). Defendants' main point in this third argument seems to be that Plaintiff cannot recover damages in this Section 1983 action because to do so he would have to invalidate the results of a disciplinary hearing, which he could have (theoretically) accomplished in his Article 78 proceeding but declined. If this is so, I think this point is essentially the same point Defendants make in their second argument. *See Warburton v. Underwood*, 2 F. Supp. 2d 306, 313-315 (W.D.N.Y. 1998) (discussing similar argument); *accord*, *Burnell v. Coughlin*, 975 F. Supp. 473, 476-479 (W.D.N.Y. 1997).

In any event, what I take away from Defendants' third argument is an appreciation of the futility of allowing Plaintiff to replead. Not only has the statute of limitations run on Plaintiff's Article 78 proceeding,[10] but the insufficiencies of his complaint in this proceeding appear to be substantive, not merely formal. *See Cuoco*, 222 F.3d at 112 (repleading would be futile because the problem with plaintiff's cause of action was substantive). As a result, I recommend that Plaintiff's complaint be dismissed *with prejudice*.

### C.     Effect of Plaintiff's Failure to Notify Court of Change of Address

Alternatively, I base my recommendation on Plaintiff's failure to comply with Local Rule 41.2(b) and Federal Rule 41(b). As noted above, the Court's last correspondence to Plaintiff was returned as undeliverable and bore the notation "released." (Dkt. No. 30.) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

---

[10] (*See* Dkt. No. 1 at 3 [Complaint alleging, in part, that Article 78 proceeding was "dismissed because of four month statute"]; Dkt. No. 19, Part 3, Ex. D [dismissal of Plaintiff's Article 78 proceeding]; N.Y. C.P.L.R. § 217 [imposing a four-month statute of limitations period on Article 78 proceedings].)

Federal Rule 41(b) provides that failure to prosecute an action or comply with an order of the Court to notify it of a change in address (i.e., Dkt. No. 7 at 3) may subject an action to dismissal. *See*, *e.g.*, *Robinson v. Middaugh*, No. 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, *2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, D.J.) (dismissing action under Fed. R. Civ. P. 41(b) where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change).

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss *with prejudice* (Dkt. No. 19) be **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 28, 2005
      Syracuse, New York

                                        George H. Lowe
                                        United States Magistrate Judge